

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE BUCHWALD

ROBERTO FRANCIS,

            Plaintiff,

v.

CITY OF NEW YORK, DETECTIVE NELSON BATISTA (Shield #12074) and OFFICERS "JOHN DOE" #1 through #5, individually and in their official capacities, (the names "John Doe" being fictitious, as the true names of these individuals are presently unknown),

            Defendants.

**COMPLAINT**

Jury Trial Demanded



Plaintiff Roberto Francis, by his attorneys, Reese Richman LLP, complaining of the Defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

Plaintiff brings this action for damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988, for the wrongful acts of Defendants CITY OF NEW YORK, DETECTIVE NELSON BATISTA (Shield #12074), and OFFICERS "JOHN DOE" #1 through #15, individually and in their official capacities, (the names "John Doe" being fictitious, as the true names of these individuals are presently unknown), as Officers of the New York City Police Department and other agencies of the City of New York, all acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights under the Constitution and laws of the Unites States and of the State of New York.

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3. Supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367 as to any and all of Plaintiff's claims arising under New York state law as such claims share a common nucleus of operative facts with Plaintiff's federal claims herein.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff ROBERTO FRANCIS is a Hispanic male and was at all relevant times a resident of the borough of Manhattan in the County and State of New York.

7. Defendant CITY OF NEW YORK ("CITY") is and was at all relevant times a municipality of the State of New York. Defendant CITY operates, manages, directs and controls the New York City Police Department ("NYPD") and other municipal agencies and departments which are responsible for carrying out law enforcement activities under color of state law.

8. Defendants DETECTIVE NELSON BATISTA (Shield #12074) and OFFICERS "JOHN DOE" #1 through #5 are and were at all relevant times police or correction officers,

2

supervisors, and/or policymakers employed by Defendant CITY with the NYPD and/or other CITY agencies and acting under color of state law.

9. At all times relevant hereto and in all their actions alleged herein, Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of Defendant CITY and its agencies and departments, including the NYPD, and pursuant to their authority as employees, servants and agents of the NYPD, and/or other agencies, and within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and law enforcement officers.

10. Defendant CITY was responsible for the hiring, training, supervision, discipline, retention and promotion of officers, supervisors, and employees within its agencies, including the NYPD and/or other agencies which employed the Defendants herein.

## FACTS

11. On or about the evening of February 22, 2011 at approximately 10:00 p.m., Plaintiff Roberto Francis was lawfully unloading items from his vehicle on W. 172nd Street.

12. As Plaintiff continued to unload his car, an unmarked police cruiser pulled up and parked alongside his car. Defendants NYPD Detective Nelson Batista (Shield #12074) and P.O. John Doe #1 exited the vehicle and told Plaintiff to stop moving. Both officers were not dressed in NYPD uniforms.

13. Defendant Det. Batista had routinely harassed, stopped and frisked Plaintiff over the preceding months.

14. Without probable cause or reasonable suspicion, Defendant Det. Batista charged Plaintiff, pushed him into the side of Plaintiff's car, and handcuffed Plaintiff.

15. Defendants then searched Plaintiff and his car and despite finding no contraband

and a complete lack of probable cause, reasonable suspicion or other justification, unlawfully arrested Plaintiff.

16. Next, Defendants transported Plaintiff to the NYPD 33rd Precinct, where he was processed and strip searched. Plaintiff remained at the 33rd Precinct for approximately six (6) hours.

17. Then, Defendants transported Plaintiff to Manhattan Detention Center where he was detained for approximately twenty-four (24) hours while he awaited arraignment.

18. On or about February 23, 2011 Plaintiff was arraigned in the Criminal Court of the City of New York, New York County (Docket no. 2011NY013379) for violating N.Y.P.L. § 195.05 Obstructing Governmental Administration in the Second Degree; and N.Y.P.L. § 240.20 Disorderly Conduct. Thereafter, Plaintiff was released on his own recognizance

19. On October 11, 2011, Plaintiff had all of his charges dismissed in Criminal Court of the City of New York, County of New York.

20. As a result of the aforementioned violations of his unlawful arrest, Plaintiff was detained for approximately thirty (30) hours, subjected to the humiliation of being arrested, searched and led away in full public view in front of his community, resulting in damage to his esteem and reputation within the community.

## FIRST CLAIM FOR RELIEF: DEPRIVATION OF FEDERAL CIVIL RIGHTS

21. Plaintiff ROBERTO FRANCIS repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

22. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

23. All of the aforementioned acts by Defendants deprived Plaintiff of the rights, privileges and immunities guaranteed by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, said violations being actionable under 42 U.S.C. § 1983.

24. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers, with the actual and/or apparent authority attendant thereto.

25. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers, pursuant to the customs, usages, practices, procedures and rules of Defendant CITY and its NYPD, all under the supervision of ranking officers of said department.

26. Defendants, collectively and individually, while acting under color of state law, violated Plaintiff's civil rights; these violations were driven and motivated by, reflective of, and carried out pursuant to a custom, usage, practice, procedure or rule of Defendant CITY, which is forbidden by the Constitution of the United States.

27. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF:
## FALSE ARREST UNDER 42 U.S.C. § 1983

28. Plaintiff ROBERTO FRANCIS repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

29. As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal, improper and false arrest by Defendants and taken into custody and caused to be falsely

5

imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

30. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time and Plaintiff was at all times aware of his confinement. Plaintiff was put in fear for his safety and subjected to handcuffing and other physical restraints, without probable cause.

31. As a result of his false arrest, Plaintiff was subjected to humiliation, ridicule and disgrace before his neighbors and peers. Plaintiff was discredited in the minds of many members of the community.

### THIRD CLAIM FOR RELIEF:
### ILLEGAL STOP AND FRISK UNDER 42 U.S.C. § 1983

32. Plaintiff ROBERTO FRANCIS repeats and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

33. As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal and improper stop and frisk by Defendants without any reasonable suspicion of criminality or other constitutionally required grounds. Moreover this stop, frisk and the above-alleged arrest were the result of racial and/or national origin profiling.

34. As a direct and proximate result of such acts, Defendants deprived Plaintiff of his Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. §1983.

35. As a direct and proximate result of those constitutional abuses, Plaintiff has suffered and will continue to suffer physical, mental and emotional pain and suffering, mental anguish, embarrassment and humiliation.

36. The acts of Defendants were intentional, wanton, malicious, reckless and oppressive and entitle Plaintiff to an award of punitive damages.

## FOURTH CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

37. Plaintiff ROBERTO FRANCIS repeats and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

38. Defendants searched, seized and prosecuted Plaintiff despite a complete lack of cause against him, notwithstanding their knowledge that such actions would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

39. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers and officials, with the entire actual and/or apparent authority attendant thereto.

40. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of Defendant CITY and its agencies, including the NYPD, all under the supervision of ranking officers of said department.

41. The aforementioned customs, policies, usages, practices, procedures and Defendant CITY include discriminating against and detaining minority males without reasonable suspicion or having probable cause as to each individual and without evidence of each individual's criminal activity and conducting intrusive body searches without individual particularized suspicion or other justification.

42. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

43. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

44. Defendant CITY, as municipal policymaker in the training and supervision of Defendants DETECTIVE NELSON BATISTA (Shield #12074) and OFFICERS "JOHN DOE" #1 through #5, individually and in their official capacities, has pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their rights Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983 and the Constitution and laws of the State of New York.

45. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY constituted a deliberate indifference to Plaintiff's constitutional rights.

46. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

47. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY were the moving force behind the constitutional violation suffered by Plaintiff as alleged herein.

48. All of the foregoing acts by Defendants deprived Plaintiff Roberto Francis of federally protected rights, including, but not limited to, the right:

   a. Not to be deprived of liberty without due process of law;
   b. Not to be deprived of property without due process of law;
   c. To be free from search, seizure, arrest and imprisonment not based upon reasonable suspicion and probable cause;

d. To be free from infliction of emotional distress; and

e. To receive equal protection under the law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

2. Punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED:   New York, New York
         September 13, 2013

Respectfully submitted,

/s/ K. S. R.

Kim E. Richman
*Attorney for Plaintiff*
**REESE RICHMAN LLP**
875 Avenue of the Americas, 18th Floor
New York, New York 10001
Telephone: (212) 643-0500